UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL WAYNE HINKSTON,                                     PETITIONER
ADC #113148

V.                        NO. 5:19-CV-00053-SWW-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                           RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Petitioner, Michael Wayne Hinkston ("Hinkston"), an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. *Doc. 2.* In his Petition, Hinkston raises various habeas claims challenging

his 1998 convictions, in Crawford County Circuit Court, for capital murder and theft of property. *Id. at 1*.[1]

Almost twenty years ago, on August 7, 2000, Hinkston filed his first § 2254 habeas action, in the Eastern District of Arkansas, challenging the same convictions. *Hinkston v. Norris*, E.D. Ark. No. 5:00-cv-00296-SWW. On December 20, 2000, United States District Judge Susan Webber Wright dismissed the case, with prejudice. *Id. at docs. 9, 10, and 11*. Hinkston did not appeal the denial of habeas relief.

On August 24, 2001, Hinkston filed a second § 2254 habeas action, in the Western District of Arkansas, which was dismissed as a successive § 2254 petition filed without receiving the required authorization from the Eighth Circuit Court of Appeals. *Hinkston v. Norris*, No. 2:01-cv-02212-RTD (W.D. Ark. Oct. 5, 2001).

On March 11, 2016, Hinkston filed a third § 2254 habeas action, in the Eastern District of Arkansas, which was also dismissed as a successive § 2254 petition filed without receiving authorization from the Eighth Circuit. *Hinkston v. Kelley*, No. 5:16-cv-00077-SWW-JTR (E.D. Ark. Mar. 31, 2016).

According to the Eighth Circuit's records, that Court has three times denied Hinkston's petitions for authorization to file a successive § 2254 petition. *Hinkston*

---

[1] Hinkston was sentenced to life imprisonment without parole, plus twenty years. On March 2, 2000, the Arkansas Supreme Court affirmed his convictions and sentences. *Hinkston v. State*, 340 Ark. 530, 10 S.W.3d 906 (2000).

*v. Hobbs*, No. 13-2705 (8th Cir. Oct. 17, 2013); *Hinkston v. Hobbs*, No. 13-3355 (8th Cir. Mar. 6, 2014); *Hinkston v. Kelley*, No. 16-1869 (8th Cir. July 5, 2016).

For the reasons discussed below, the Court recommends that this action be dismissed *sua sponte* because Hinkston has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas action. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.

## II. Discussion

Hinkston's pending § 2254 habeas Petition represents his fourth attempt to collaterally attack his 1998 Crawford County convictions and sentences. Only the Eighth Circuit Court of Appeals has the authority to grant Hinkston permission to file what clearly represents a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Hinkston obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Given Hinkston's history of filing successive § 2254 habeas actions, the Court recommends that he now be cautioned that filing future habeas actions challenging his convictions in Crawford County Circuit Court, without first obtaining permission from the Eighth Circuit Court of Appeals to file those actions, will result in the Court

placing restrictions on his right to initiate such successive actions in the Eastern District of Arkansas.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hinkston's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *doc. 2*, be DISMISSED, without prejudice, so that Hinkston may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. 2244(b)(3)(A), to file a successive petition.

2. Hinkston be cautioned that restrictions will be placed on his right to initiate future second and consecutive habeas actions in the Eastern District of Arkansas if he continues to file such actions challenging his convictions in Crawford County Circuit Court, without first obtaining permission from the Eighth Circuit Court of Appeals.

DATED this 12th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE